# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRELL D. WALKER, #15560-045, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) Case No. 19-cv-00489-NJR ) |
| T. G. WERLICH, | ) ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Darrell Walker, an inmate in the Federal Bureau of Prisons currently incarcerated at Greenville Federal Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Walker, who was sentenced under the Armed Career Criminal Act (ACCA), seeks to challenge his sentence under *Mathis v. United States*, 136 S. Ct. 2243 (2016) and related case law. Relying on *United States v. Naylor*, 887 F.3d 397 (8th Cir. 2018), he asserts that his three prior convictions for first and second degree burglary under Missouri law no longer qualify as ACCA predicate offenses. (Doc. 1, p. 11) ("Because the Missouri second-degree burglary statute covers more conduct than does generic burglary, we further hold that convictions for second-degree burglary under Mo. Rev. Stat. § 569.170 (1979) do not qualify as violent felonies under the ACCA.") (quoting *Naylor* 887 F.3d at 407). Additionally, he argues that because his sentence was erroneously enhanced under the ACCA, his sentence exceeds the statutory limit of 120 months by 173 months, which would qualify him for immediate release. *Id.* p. 14. He requests that the Court remand his case back to the Western District of Missouri for resentencing.

1

Without commenting on the merits of Walker's claim, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b). **Further, in light of Walker's statements that without the enhanced sentence he would no longer be in custody, qualifying him for immediate release, an expedited response period will be prescribed**.

**IT IS HEREBY ORDERED** that Respondent Werlich shall answer or otherwise plead on or before **June 4, 2019**.[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c)(1), *should all the parties consent to such a referral.*

Walker is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than 7 days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. *SEE* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** May 14, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] The response date ordered here is controlling. Any date that the Case Management/Electronic Case Filing ("CM/ECF") system should generate during this litigation is a guideline only. *See* SDIL-EFR 3.